E. A. & J. Secor *against* Bell, Sheriff, &c.

Attorneys and other officers of the Court, since the statute (1 *N. R. L.* 418. sess.36. ch. 48. are liable to arrest on mesne process and may be held to bail, like other persons ; and they were always subject to be taken in execution on *ca. sa.*

If an attorney or counsellor be taken on a *ca. sa.* during his attendance in Court, having business to transact, he may be discharged on motion, on affidavit, &c. A judge at a circuit or sittings may also discharge him, in like circumstances.

A sheriff cannot take notice of the privilege of an attorney, nor can he discharge him from custody on process out of this Court, on his producing a writ of privilege ; and if he does so, he is liable as for an *escape*, for the amount of the debt with *interest* to the time of the escape, and poundage, if the plaintiff has paid any.

DEBT against the defendant, as Sheriff of the city and county of *New-York*, for the escape of *A. B.* an attorney of this Court, a prisoner in execution, at the suit of the plaintiffs.

On the 31st of *May*, 1819, a *ca. sa.* was issued on a judgment obtained in this Court, by the plaintiffs against *A. B.* an attorney, &c. for 302 dollars and 35 cents, on which he was arrested by the defendant, during the *sittings* held in June, before Mr. Justice *Van Ness*, upon which the defendant produced a *writ of privilege* allowed by *E. W. King*, one of the judges of the Mayor's Court of *New-York*. In

obedience to this writ, the sheriff discharged *A. B.* from custody, and made return to the execution accordingly.

NEW-YORK, May, 1820.

SECOR v. BELL.

The questions submitted to the Court on these facts were, whether the defendant is liable as for an escape; and, if so, whether the plaintiffs are entitled to recover interest and poundage on the sum directed to be levied on the *ca. sa.* against *A. B.* ?

SPENCER, Ch. J. delivered the opinion of the Court. *Tidd* (p. 171.) lays down the rule to be, that the sheriff cannot take notice of the privilege of an attorney; nor is he bound to discharge him, even upon producing a writ of privilege, except where the arrest was by process issuing out of an inferior Court; in which case, he says, their writs of privilege ought to be allowed to them, *instanter;* and that if an attorney or other officer of the K. B. be arrested, by process issuing out of the same Court, he may move to be discharged on common bail.

By the 12th section of the statute concerning counsellors, attorneys, and solicitors, (1 *N. R. L.* 418.) every officer of the several Courts of Record are liable to arrest on *mesne* process, and to be held to bail as other persons. Attornyes, and other officers, were always subject to be taken in execution on a *ca. sa.* in this state. Our practice has been conformable to that of the Court of K. B. They are relievable from arrest only on motion, and under the circumstances of the case. If an attorney be taken on a *ca. sa.* during his attendance in Court, he having business to transact, the Court, on an affidavit of the facts, and on motion, will discharge him from arrest; and this may, also, be done at the Circuit or Sittings.

The sheriff having no authority to discharge the attorney, on a writ of privilege, from the arrest on process out of this Court, he is fixed with the debt, which will be the amount of the judgment, and the interest thereon at the time of the escape, but no interest since; and the poundage, if it has been paid to the sheriff, otherwise not.

Judgment for the plaintiffs.