### COREY *vs.* RUSSELL.

Attornies and counsellors of this court are not privileged from arrest, al-
though such arrest prevents their contemplated attendance upon court, if
the arrest be made whilst they remain at home.

A member of the legislature may be arrested after his return home, although
fourteen days after the adjournment of the legislature have not expired.

PRIVILEGE of a counsellor of this court and a member of
the legislature. On Friday evening the *thirthieth* day of April
preceding Monday the *third* day of May, (the commence-
ment of the May term of this court in the city of New-York,)
the defendant was arrested on a *ca. sa.* at his residence, a
distance of 190 miles from the city of New-York, he having
intended on the next morning to proceed to New-York, to
attend the supreme court as a counsellor, where he was en-
gaged as counsel in several causes noticed for argument.

On this ground a motion was made for his discharge from
the arrest, and also on the ground that he was privileged
from arrest as a member of the legislature, *fourteen* days not
having elapsed since its adjournment, which was on the
*twentieth* day of April last.

*By the Court,* SAVAGE, C. J.  Attornies and counsellors of this court are privileged from arrest whilst in actual attendance upon the court, or whilst going to or returning from court ; the privilege extends *eundo et redeundo,* but whilst remaining at home they are subject to arrest.  On this ground, therefore, the defendant is not entitled to a discharge.  Nor can his privilege as a member of the legislature avail him, having actually returned to his home after the adjournment of the legislature.  The protection from arrest is secured to enable members of the legislature to return to their homes, and having in fact returned, they cannot claim an exemption from arrest, although the fourteen days are not expired.  The defendant can claim nothing on this ground.  The motion is denied.