Jenkins *et al.* agt. Smith *et al.*

The appellant filed an undertaking in the sum of $2,000 with one surety. The respondent excepted to the sufficiency of the undertaking on the ground that sections 1334 and 1351 of the Code of Civil Procedure require " at least two sureties" upon all undertakings given on appeal.

The appellant claimed that under sections 1327 and 811, one surety was all that was required, if he justified in double the amount claimed.

*N. A. Halbert,* for respondent.

*Chas. G. Cronin,* for appellant.

---

## SUPREME COURT.

ISAAC G. JENKINS *et al.* agt. OLIN H. SMITH *et al.*

*Witness — immunity from service of civil process — does not extend to suitors.*

A non-resident witness in our courts can neither be arrested nor served with summons; his privilege protects him.

A resident witness is privileged from arrest, but not from the service of a summons.

The privilege of immunity from *service of summons without arrest* while in the state to attend court is limited to *witnesses,* and does not include parties; the privilege of a suitor in such cases is from *arrest only,* and not from the service of civil process.

*Onondaga Special Term, July,* 1878.

In January, 1878, the above defendants who were residents of Springfield, Mass., were indicted jointly with the Sheeler Brothers of Lyons, N. Y., for a violation of the laws of the United States relating to trade-marks. The indictment was found in the United States district court held at Albany in January, 1878. Soon after the defendants were arrested in Springfield upon the indictment and gave bail to appear at the next term of the United States district court to be held at Utica, March 19, 1878. On the 19th day of March, 1878, the United States district attorney arranged with the counsel for the defendants that the trial of the indictment should go over to the August term of the court to be held in Buffalo, but insisted that the defendants must appear at the Utica term and plead to the indictment, and, also, renew their bail to appear at Buffalo, in August. The defendants accordingly appeared in Utica, on the 22d day of March, 1878, plead, and renewed their bail, and while yet in attendance upon the court were served with the summons in this action which was brought to recover penalties of Smith and Adams, for violations of our state law with respect to trade-marks. The defendants moved to set aside the service of the summons on the ground that the defendants were protected, having come into the state to attend court as parties, and relied upon *Rivers* agt. *Giles* (66 *N. Y.*, 124).

The plaintiffs replied that the privilege of immunity from service of summons without arrest, while in the state to attend court, was limited to witnesses and did not include parties; that the privilege of parties in such cases is from arrest only and not from the service of summons, and cited 10 *Wend.*, 636; 7 *John.*, 538, *note*; 1 *Wend.*, 292; 1 *Denio*, 666; 27 *Conn.*, 12; 1 *Dallas*, 356; 4 *id.*, 388; 6 *Mass.*, 264; 6 *California*, 32; 4 *Monroe* (*Ky.*), 540; *Harder* (*Ala.*), 452; 4 *Littell* (*Ky.*), 122; 1 *Brevard* (*S. C.*), 167; 3 *Blackstone*, 289; *Graham's Pr.*, 516, 517; *Code Civil Procedure*, 860 to 865; 2 *R. S.*, 402, *section* 51.

Jenkins *et al.* agt. Smith *et al.*

*J. W. Dunwell*, for motion.

*John C. Churchill*, opposed.

Noxon, *J.* — The practice seems to be well settled that a non-resident witness in our courts can neither be arrested nor served with summons; his privilege protects him.

It is also well settled that a resident witness is privileged from arrest, but not from the service of a summons. With the exception of the case referred to in 66 *New York*, 124, I can find no case where the privilege of a suitor has protected him from the ordinary service of civil process. In a number of cases where the party was arrested, upon motion to set aside the order of · arrest the motion has been granted upon the entry of common bail, thus leaving the party as effectually served with process as if served with the ordinary summons. The case in 66 *New York* only presented the question so often adjudicated upon in relation to witnesses; as to suitors there was no question before the court, and the opinion of justice Allen was wholly outside of the question before the court, and is not an authority to be considered in this case. The long list of authorities upon this question, so repeatedly concurred in, have not been overruled in the case in 66 *New York*. When that court shall have presented before it the question arising in this case, and shall determine the law in opposition to the law as it has been promulgated and sanctioned for many years, it will be time to follow its decision.

Under my present view of the law the defendant is not entitled to the order asked for in the motion, and the same should be denied, with costs.