McAdam, Ch. J.
This court, in Schlesinger v. Foxwell, (1 City Ct.R., 461), held that parties and witnesses while attending in good faith any judicial tribunal were privileged from arrest, but that immunity from service of ordinary process was limited to witnesses, and did not include parties. This was in accordance with the rule laid down in Graham’s Pr., 130 (and in 1 Wend., 293; 7 Abb. Pr., N. S., 70; 57 How. Pr., 171), and upon the just principle that if a nonresident voluntarily makes himself a suitor in our courts by instituting litigations for his own benefit, he cannot complain if our citizens seek to collect their debts by ordinary process from him. If he were an inhabitant of this state his attendance in court would have given him no immunity, and on general principles a non-resident should not be placed on better ground than our own citizens. This appears to be right and seems fair enough as matter of comity, but our court of appeals has decided that process cannot be served on a non-resident of the state, though not a witness, while attending court here, and that the immunity does not depend upon statutory previsions, but is deemed necessary for the due administration of justice. Matthews v. Tufts, 87 N. Y., 568. This authority effectually shields non-resident suitors not only from civil arrests, but from service of all process eundo morando et redeundo, and settles the present contention.
The orders appealed from must be reversed, but under the circumstances without costs.
Nehrbas, J., concurs.