Merrimack,  
June, 1895.

### ELA, *Adm'r*, v. ELA.

A non-resident witness, while in attendance upon a court of this state, is exempt from the service of a writ in a civil action.

ASSUMPSIT. Facts found by the court. The defendant pleaded in abatement that the service of the writ was not legal. He

is a resident of Massachusetts and an attorney-at-law. He attended a hearing, as attorney for the petitioner, at a special term of the probate court of Grafton county, upon a petition for the revocation of the appointment of an administrator. He supposed it might be necessary for him to testify in making out the petitioner's case, but he did not testify. While he was arguing the case an officer served the writ upon him. A judgment of *respondeat ouster* was ordered, subject to exception.

*Bingham & Mitchell*, for the plaintiff.

*Samuel C. Eastman*, for the defendant.

CHASE, J. Parties and their witnesses are privileged from arrest while going to, attending upon, and returning from the trial of an action. A person who procures an arrest in violation of the privilege is guilty of contempt of court; and the action in which the arrest is made is subject to abatement for want of proper service. *State* v. *Buck*, 62 N. H. 670 ; *Hubbard* v. *Sanborn*, 2 N. H. 468. The privilege is established to secure "the free and unrestrained attendance of parties and witnesses," without which "justice cannot be administered." Freedom from arrest alone does not answer the purpose in the case of non-resident witnesses. They cannot be compelled (as resident witnesses may be, P. S., c. 224, ss. 1–9) to attend a trial, at least in civil actions. Their consent must be secured. Hence, all reasonable objections they may have to attending should be removed, so far as practicable. Liability to be sued in the foreign jurisdiction is such an objection. One cannot ordinarily defend his rights so conveniently, economically, and effectively there as he can at home, and will not expose himself to the risk unnecessarily. The only way to obviate the objection is to remove the liability.

The right to take the deposition of a non-resident witness does not answer the requirements of justice. It is often indispensable to a just decision of a cause, and is always desirable, that testimony shall be given orally in open court. The triers are more likely to understand the testimony fully and correctly. The appearance of the witness aids materially in forming a correct judgment of the credibility and weight of his testimony. All the issues of fact that may arise at the trial can seldom be foreseen. A fact within the knowledge of a witness may appear to be so foreign to the case when his deposition is taken that it is not deemed worth while to question him upon it, and yet the course of the trial may be such that it is the fact which will control the verdict. See *Metcalf* v. *Gilmore*, 63 N. H. 174,

186–189. Every reasonable facility should therefore be provided for obtaining the attendance of witnesses in person.

These and other considerations have led to the establishment, quite generally, of the doctrine that non-resident witnesses are privileged from liability to be sued while attending the trial, and going to and returning from it; and that a violation of the privilege is cause for abating the action. *In re Healey*, 53 Vt. 694; *Capwell* v. *Sipe*, 17 R. I. 475; *Seaver* v. *Robinson*, 3 Duer 622; *Jenkins* v. *Smith*, 57 How. Pr. 171; *Person* v. *Grier*, 66 N. Y. 124; *Matthews* v. *Tufts*, 87 N. Y. 568; *Parker* v. *Marco*, 136 N. Y. 585; *Massey* v. *Colville*, 45 N. J. Law 119; *Mulhearn* v. *Publishing Co.*, 53 N. J. Law 153; *Miles* v. *M'Cullough*, 1 Binn. 77; *Bolgiano* v. *Lock Company*, 73 Md. 132; *Wilson* v. *Donaldson*, 117 Ind. 356; *Palmer* v. *Rowan*, 21 Neb. 452; *Sherman* v. *Gundlach*, 37 Minn. 118; *First National Bank of St. Paul* v. *Ames*, 39 Minn. 179; *Mitchell* v. *Judge*, 53 Mich. 541; *Atchison* v. *Morris*, 11 Fed. Rep. 582; *Larned* v. *Griffin*, 12 Fed. Rep. 590. The contrary doctrine, adopted in some jurisdictions (*Poole* v. *Gould*, 1 H. & N. 99; *Wilder* v. *Welsh*, 1 McArthur 566; *McIntire* v. *McIntire*, 5 Mackey 344; *Page* v. *Randall*, 6 Cal. 32), is not supported by satisfactory reasons.

The question whether the defendant, as the petitioner's attorney, was exempt from the service of process (Bac. Abr., Privilege, B, 1, 2; 1 Tidd Pr. 195, 196, and cases; 1 Gr. Ev., ss. 316, 317; *Meekins* v. *Smith*, 1 H. Bl. 636; *Newton* v. *Harland*, 8 Scott 70; *Luntly* v. *Nathaniel*, 2 Dowl. 51; *Castle's Case*, 16 Ves. 412; *Williams* v. *Webb*, 5 Scott N. R. 898; *Commonwealth* v. *Ronald*, 4 Call 97; *Secor* v. *Bell*, 18 Johns. 52; *Corey* v. *Russell*, 4 Wend. 204; *Humphrey* v. *Cumming*, 5 Wend. 90; *Cole* v. *M'Clellan*, 4 Hill 59) has not been considered, because the defendant does not claim exemption on that ground.

It is immaterial that the defendant was not sworn, if he attended in good faith as a witness. Whether he did or did not attend in this character does not distinctly appear. The exception will be overruled or sustained according as the judge at the trial term may find on that question.

*Case discharged.*

BLODGETT, J., did not sit: the others concurred.