Concord District Court;
No. 5922.

ALVIN CARVETH, d/b/a
CARVETH MOTORS

*v.*

RITA NELSON LATHAM

April 30, 1970.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *L. Jonathan Ross* ( *Mr. Ross* orally ), for the plaintiff.

*Sulloway, Hollis, Godfrey & Soden* and *Guy A. Swenson* ( *Mr. Swenson* orally ), for the defendant.

LAMPRON, J. Action by plaintiff doing business in Auburn, State of California, to recover for damages caused to plaintiff's car during the time defendant had the use of it. The writ was

returnable in the Concord District Court the first Tuesday of November 1966. By order of the court, dated May 28, 1968, the case was scheduled for hearing on June 6, 1968. Notice of this order was mailed to counsel for the parties.

On the day set for hearing, plaintiff's counsel was present in court but not plaintiff. After making an opening statement, plaintiff's counsel called the defendant to the witness stand. When no one appeared, he asked defendant's counsel if Mrs. Latham was in court or intended to appear. Counsel informed him that he had called the defendant who told him that she did not plan to be in court. He gave no reason for his client's failure to appear. Plaintiff's counsel then orally moved that the defendant be defaulted for her failure to appear in court. This motion was denied subject to plaintiff's exception. Plaintiff's counsel then moved for a continuance on the same ground. This was also denied, subject to exception, as was his motion for a short suspension to enable him to subpoena the defendant.

Defendant's counsel then asked plaintiff's counsel if he had rested his case. The latter advised him that "not only had he not rested his case but that he had not begun his evidence and it was his intention to call Mrs. Latham to the stand to testify about the circumstances of the case." Defendant then moved that the case be dismissed for lack of prosecution which motion was granted subject to plaintiff's exception.

It was agreed at the hearing that defendant's counsel did not notify plaintiff or his counsel that the defendant did not intend to appear in court. It was also agreed that plaintiff's counsel at no time contacted defendant's counsel to inquire if defendant would be present for the hearing, to request the defendant's presence, and did not issue a subpoena to require her to be present.

All questions of law raised by the foregoing exceptions were reserved and transferred to this court by *Matson*, J.

It is well settled law that a party to an action need not enter an appearance personally but can be represented by an attorney. RSA 491: App. R. 8; 6 C.J.S. Appearances *s.* 2; 5 Am.Jur.2d Appearance *s.* 10. We find no statute or rule of court in this State, nor legal precedent here or elsewhere, and none has been called to our attention, which requires a party in a civil case represented by counsel to be present in person at the trial if not subpoenaed to appear. 53 Am. Jur. Trial *s.* 24. *See* 88 C.J.S. Trial *s.* 40.

Due diligence requires that a plaintiff, who relies on the testimony of the adverse party to present his case, obtain the assurance of opposing counsel that his client will be present in court or avail himself of legal process to secure her presence. RSA ch. 516. *See* 17 Am. Jur. 2d. Continuance *s.* 10. Plaintiff's counsel did neither and the court properly denied his motion that the defendant be defaulted because of her absence. *See Teitelman* v. *Bloomstein*, 155 Conn. 653, 660-62, 236 A.2d 900, 905.

Plaintiff stated in his brief that he would not argue "because of RSA 508:10" his exceptions to the denial of his motions for continuance and to the granting of defendant's motion to dismiss for lack of prosecution. Defendant maintains that this dismissal would not permit bringing of a second suit under the above statute.

In order to bar a second suit under RSA 508:10 the judgment rendered in the first suit must bar the cause of action. *Hughes* v. *Hebert*, 106 N.H. 176, 207 A.2d 432. The law is quite clear that, in the absence of a statute or rule of court to the contrary, which we do not have, a dismissal for failure to prosecute is not an adjudication on the merits and not a bar to a second suit under the above statute. *Lesser* v. *Migden*, 328 F.2d 47, 50 (2d Cir. 1964); *Wetzel* v. *Pruitt*, 309 Ill. App. 438, 32 N.E.2d 989. *See* Annot., 54 A.L.R.2d 473, 478, 480.

*Exceptions overruled.*

All concurred.