Rockingham
No. 87-130

DENISE M. MOORE

v.

CONIFER CORPORATION d/b/a KENTUCKY FRIED CHICKEN

AND

TRAVELERS INSURANCE COMPANY

August 8, 1988

*Burns, Bryant, Hinchey, Cox & Shea P.A.*, of Dover (*James H. Schulte* on the brief and orally), for the plaintiff.

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Arnold H. Huftalen* and *Richard E. Galway* on the brief, and *Mr. Galway* orally), for the defendants.

THAYER, J. The issue before us in this workers' compensation case is whether a hearings officer for the department of labor (department) may suspend a claimant's benefits on the procedural ground that the claimant, who was represented by counsel, did not appear personally at a labor department hearing. The Trial Court (*Gray*, J.) reversed the hearings officer's order suspending payment of benefits pending plaintiff's personal appearance. The defendants appeal, and for the reasons that follow, we affirm.

The plaintiff, Denise Moore, sustained a work-related injury in May, 1985, for which she was awarded temporary total disability benefits. Plaintiff's employer at that time was the defendant

Conifer Corporation, d/b/a Kentucky Fried Chicken. On October 28, 1986, Travelers Insurance Company (Travelers), the Conifer Corporation's insurer and co-defendant in this case, requested that the department order a cessation of plaintiff's benefits. *See* RSA 281:40. Travelers based its request upon a letter from a Dr. Frambrough, who had performed an independent medical examination of the plaintiff in July, 1986, after which he recommended that the plaintiff begin a course of physical therapy. Even though Dr. Frambrough never reexamined the plaintiff, he prepared a report in October, 1986, in which he stated that plaintiff's condition had improved.

The department refused to issue the order to cease payments as requested, but scheduled a hearing for December 3, 1986. The plaintiff, now a resident of Alabama, filed a motion to continue, citing medical and financial concerns as the reason for her inability to attend the hearing. The department rescheduled the hearing for February 3, 1987. Plaintiff's counsel requested a telephone conference pursuant to N.H. Admin. Rules Lab. 203.06, which states: "[I]f the parties agree and the hearings officer approves, a hearing on any matter may be done by conference telephone call . . . ." That request was denied by the department because the defendants objected. On December 1, 1986, the department contacted plaintiff's counsel by telephone, requesting plaintiff's presence at the February 3 hearing.

On February 3, both plaintiff's counsel and Mr. Healey, an insurance adjuster for the defendant Travelers, appeared at the hearing. Neither the plaintiff, nor any other representative of either the employer or the insurance carrier, appeared personally. Because plaintiff did not appear personally, the hearings officer refused to go forward with the hearing and ordered a suspension of plaintiff's benefit payments. In a letter to plaintiff's counsel dated February 13, 1987, the hearings officer stated:

> "[D]ue to the fact that your client failed to appear at a duly scheduled hearing, I am terminating benefits . . . [until] your client is willing and able to appear at this Department for a hearing. . . ."

The hearings officer also noted in the letter that there would be no retroactive payments from termination through the date of the next hearing, and that his decision was not made upon the merits of the case.

The plaintiff appealed to the superior court. A temporary hearing was held on March 24, 1987, at which time both parties presented their arguments, but no new evidence was introduced. The merits

of the disability claim were not discussed. In its decision dated March 30, 1987, the trial court found, *inter alia*, that: (1) the plaintiff could not be required to appear personally; (2) the department had to apply the same standards with respect to personal appearance to all parties; (3) the decision of the hearings officer should be reversed; and (4) the department was authorized to permit plaintiff to provide testimony by way of a deposition, a sworn affidavit or telephonic conference. RSA ch. 517, 281:41; N.H. ADMIN. RULES, Lab. 203.06.

The defendants present three arguments on appeal: (1) that the superior court lacked subject matter jurisdiction to hear the appeal, since there was no final administrative decision, and, alternatively, that even if the superior court had jurisdiction, the court's order overturning the hearings officer's decision was improper because the court did not conduct a trial *de novo* as required by RSA 281:37; (2) that the superior court exceeded its authority when it noted the hearings officer's "disparate treatment of the parties," without having heard any new evidence; and (3) that the superior court exceeded its authority in setting forth administrative procedures for hearings officers to follow in subsequent proceedings.

█ In reviewing a decision of the trial court, we will not substitute our judgment for that of the court "unless the findings and rulings 'are unsupported by the evidence or are erroneous as a matter of law.'" *Ryan v. Perini Power Constructors, Inc.*, 126 N.H. 171, 173, 489 A.2d 137, 138 (1985) (citations omitted). Upon the record before us, we hold that the trial court did not err as a matter of law, make findings unsupported by the evidence or otherwise abuse its discretion.

█ We first address the matter of jurisdiction. Contrary to the defendants' contentions, jurisdiction was properly based in the trial court. Even though the hearings officer stated that his decision was not made on the merits of the claim, the decision was appealable. Appeal from a decision on eligibility for compensation under RSA 281:40 is made in the same manner as provided in RSA 281:37. RSA 281:37, II states in pertinent part that "[a] decision of the labor commission shall . . . become final. . . ." The defendants' argument that the decision was not final because the claimant could have her benefits reinstated by complying with the hearings officer's decision is meritless. The order clearly stated that payments from termination to the next hearing would not be retroactive. The appropriate way for the plaintiff to challenge the propriety of the hearings officer's decision was through an appeal

authorized by RSA 281:37 and :40. Since the statutes specifically authorize an appeal to the superior court when payments are modified under section 40, it would be anomalous to deny an appeal when a hearings officer terminates payments, especially where, as here, he commits an error of law. In suspending the plaintiff's benefits indefinitely, the hearings officer acted beyond the scope of his authority.

■ The defendants have also asserted that a full trial *de novo* was required under RSA 281:37. Defendants' reliance on RSA 281:37 is misplaced, however, since a trial *de novo* is not necessary where there are no facts in dispute. A trial *de novo* would have been required only if a decision on the merits in accordance with RSA 281:40 had been rendered, which is not the case here. Here we have a hearings officer's decision improperly rendered on a procedural matter, and all the facts relevant to that matter were uncontested by the parties. Accordingly, it was not necessary for the court to conduct a *de novo* hearing to determine facts not in dispute.

Assuming *arguendo* that the hearings officer could order this out-of-state resident to appear personally, the authority which a hearings officer has over a claimant for her failure to appear includes proceeding with a hearing on the merits or continuing the hearing. If he does not continue the hearing, N.H. Admin. Rules, Lab. 203.04 provides: "A hearing may proceed in the absence of any party who, after due notice of hearing, fails to be present. . . . The hearings officer may require that the party present submit such evidence as the hearings officer deems necessary . . . ." Thus the rule permits the hearings officer to determine whether the claimant has carried her burden and to render a decision accordingly. A hearings officer "must take the cases as they are presented with such evidence as the nature of the case permits, and from such evidence come to [a] conclusion. . . ." *Milkovich v. Industrial Commission*, 91 Utah 498, 64 P.2d 1290 (1937).

■ Alternatively, the hearings officer could continue the hearing and obtain additional evidence, the procedures for which are provided by rules and statute. Among these are N.H. Admin. Rules, Lab. 203.05, which allows the hearings officer to authorize the taking of plaintiff's deposition. Furthermore, RSA 281:34 and :39 permit the hearings officer to order the medical examinations of claimants when the information provided by these examinations will assist in determining the extent of disabilities. By ordering the plaintiff to submit to a physical exam, or by authorizing her deposition, the hearings officer would have had additional evidence

upon which to make a competent decision, while offering both parties an adequate opportunity to challenge such evidence. N.H. Admin. Rules, Lab. 509.02 does permit the hearings officer to reduce or suspend disability payments, but only when supported by medical evidence "conclusive as to all aspects of the disability." Furthermore, RSA 281:40 states in pertinent part that "[o]n the basis of . . . medical evidence, the commissioner may authorize suspension of further payments pending hearing on the petition; otherwise, compensation shall continue on the basis of existing award pending hearing . . . ." Accordingly, we hold that the hearings officer exceeded the scope of his authority in suspending plaintiff's benefits.

■ With respect to the second issue presented, we do not agree that the trial court exceeded its authority in noting the hearings officer's disparate treatment of the parties, without conducting a full trial *de novo*. There is no need for a trial *de novo* when the issue considered is a legal one and the relevant facts are undisputed.

■■ The law on this matter is clear. As stated, RSA 281:41 provides a hearings officer with the authority to subpoena witnesses, and the power to enforce attendance with the superior court. Unless subpoenaed, parties are not required to appear in court. *Carveth v. Latham*, 110 N.H. 232, 233, 265 A.2d 1, 2 (1970). Out-of-state witnesses are beyond the subpoena powers of the State courts. *Ela v. Ela*, 68 N.H. 312, 314, 36 A. 15, 16 (1895). Here the plaintiff was not subpoenaed, but was ordered to attend, while the other parties were not so ordered. The trial court pointed out the fact that parties to civil proceedings are not, under existing law, compelled to attend without subpoena. The trial judge's observations as to the disparity of treatment due to the acts of the hearings officer were correct. His admonishments to the hearings officer were well placed.

■ Finally, we do not agree with the defendants' third argument, that the superior court's decision impermissibly set forth ways in which the labor department must conduct its hearings. The court stated that "[t]he Department of Labor is authorized to permit the claimant to provide testimony by way of deposition transcription, by sworn affidavit, or by telephonic conference call subject to the provisions of RSA chapter 517, RSA 281:41 and Department of Labor Hearing Rules 203.06." We interpret the trial court's decision as an indication of the various methods available to a hearings officer in obtaining relevant testimony. The court simply

has noted the procedural options contained within the rules. The court has not dictated one particular rule which the hearings officer must follow. Consequently, we find no merit in this argument.

In summary, the trial court did not exceed its authority and properly exercised its jurisdiction in hearing the plaintiff's appeal. We accordingly affirm.

*Affirmed.*

All concurred.