Hillsborough
No. 90-149

THE STATE OF NEW HAMPSHIRE

v.

GEORGE TSELIOS

July 8, 1991

*John P. Arnold,* attorney general (*David S. Peck,* senior assistant attorney general, on the brief), by brief for the State.

*Ray Raimo,* of Manchester, by brief for the defendant.

THAYER, J. The defendant appeals the denial by the Superior Court (*Murphy,* J.) of his motion to strike a default judgment in a suit to determine paternity and support. Finding error, we vacate the default judgment as it pertains to the defendant's support obligations and remand for a hearing on that issue alone.

In April of 1987, the New Hampshire Division of Human Services (the division) brought an action against the defendant to determine

paternity, recover public assistance benefits and enforce the defendant's obligation to support his alleged illegitimate daughter. The defendant filed a timely answer denying paternity. Pursuant to an agreement between the parties, blood tests were conducted, and a hearing on the merits was scheduled for October 19, 1989. At the hearing, the defendant's counsel appeared, but the defendant did not. The trial court accepted the blood test results, found the defendant in default, and ordered him to reimburse the State $11,785.58. Upon the State's subsequent motion for clarification, the court also found the defendant to be the father of the child, ordered the reimbursement of the public assistance benefits to be held in abeyance, and further ordered the defendant to pay $100 a week to the division for the ongoing support of the minor child.

The defendant then filed a motion to strike the default, arguing that his failure to appear at the hearing was "due to accident, mistake, or misfortune and not neglect." The State objected, and the motion was denied without a hearing. The defendant then brought a motion to reconsider, asserting that he was not required to appear personally in court because he was represented by counsel, did not plan to testify, and was not subpoenaed. The motion to reconsider was also denied without a hearing.

On appeal, the defendant argues that the trial court erred as a matter of law in ordering him in default for failure to appear when his counsel was present at the hearing and ready to proceed. The defendant takes the position that the finding of paternity should be upheld, but asserts that the trial court abused its discretion when it ordered him to repay public assistance benefits and provide ongoing support in excess of the amount requested by the State, despite his assertion that he is unemployed and has no income. The State contends that the defendant failed to preserve his objection to the default order. In the alternative, the State argues that even if the trial court's default order constitutes error, the record does not demonstrate that the defendant suffered any prejudice which requires reversal of the decision in this case.

We begin our analysis by noting that this court will not disturb a default judgment unless the trial court clearly abused its discretion or erred as a matter of law. *See Sununu v. Clamshell Alliance,* 122 N.H. 668, 673, 448 A.2d 431, 434 (1982). The defendant asserts that the trial court erred in holding him in default for not appearing, when his counsel was present at the hearing and was ready to proceed. This court has held that unless a party to an action

is subpoenaed, the party can be represented at the hearing or trial by an attorney, and personal appearance is not required. *Carveth v. Latham*, 110 N.H. 232, 233, 265 A.2d 1, 2 (1970), *cited in Moore v. Conifer Corp.*, 130 N.H. 795, 800, 547 A.2d 298, 301 (1988). Therefore, the trial court erred in holding the defendant in default.

The State contends that the defendant did not properly preserve this issue for appeal when he failed to raise it in his motion to strike default. Although we recognize our long-standing rule that parties may not have judicial review of matters not raised at the earliest possible time, *see Sklar Realty v. Town of Merrimack*, 125 N.H. 321, 328, 480 A.2d 149, 153 (1984), the rationale behind the rule is that trial forums should have an opportunity to rule on issues and to correct errors before they are presented to the appellate court. *See id.* In this case, the defendant raised this issue for the first time in his motion to reconsider. Accordingly, his objection to the court's default order was still before the appropriate trial forum, and his earlier failure to raise the issue did not deprive the trial court of a full opportunity to correct its error. Moreover, the defendant's general theory of entitlement to relief was preserved in his motion to strike, *see State v. Schachter*, 133 N.H. 439, 440, 577 A.2d 1222, 1223 (1990), and the trial court's error of law would have been at issue as long as the defendant raised his objection in a motion before the trial court. Therefore, the defendant's argument was properly preserved, and the trial court's error is properly before this court.

The State argues that the defendant has failed to demonstrate how he was prejudiced by the trial court's error. According to the State, the record contains evidence which sufficiently supports the trial court's finding of paternity. Indeed, the blood test results indicate that the probability of paternity is 99.84 percent. Under RSA 522:4, I(d) (Supp. 1990), these results create a *rebuttable* presumption that the defendant is the father of the minor child. Defense counsel concedes the issue of paternity in his reply brief, despite the fact that the trial court's error denied him a full and fair opportunity to rebut the statute's presumption. The defendant, nonetheless, was clearly prejudiced by the support order because the trial court's error prevented the defendant's attorney from offering any evidence or cross-examining any witnesses in order to contest the support action. The defendant was thereby denied a hearing on the issue of support as required by RSA 168-A:4. Under these circumstances, we find no merit to the State's argument that the defendant was not prejudiced by the trial court's default order.

Accordingly, we vacate that part of the default judgment pertaining to the defendant's support obligation and remand this case for a hearing thereon.

*Default judgment vacated in part; remanded.*

All concurred.