Rockingham
No. 94-389

## FIRST LONDONDERRY DEVELOPMENT CORPORATION

### v.

## CNA INSURANCE COMPANIES & a.

December 29, 1995

*Boutin & Solomon, P.A.*, of Londonderry (*James M. Costello* on the brief, and *Edmund J. Boutin* orally), for the plaintiff.

*Sulloway & Hollis*, of Concord (*James E. Owers* on the brief and orally), for the defendants.

BROCK, C.J. The defendants, CNA Insurance Companies and its subsidiaries Valley Forge Insurance Company, Continental Casualty Company, and American Casualty Company (collectively referred to as CNA), appeal a decision of the Superior Court (*Gray*, J.) finding coverage for the plaintiff, First Londonderry Development Corporation (First Londonderry), under a commercial umbrella excess policy. CNA filed a motion to reconsider, which was denied, and now appeals. We reverse.

This case arose out of a lawsuit brought by Woodland Village Condominium Association (Woodland), on behalf of condominium unit owners, against First Londonderry, Northgate Management Corporation, and Dennis Sargent, alleging misrepresentation of the condition of the condominium units to prospective purchasers. First Londonderry was the developer of the condominium. The defendants in the underlying action filed a petition for declaratory judgment seeking to establish coverage for the underlying claims under four insurance policies issued by CNA.

The trial court granted CNA's motion for summary judgment as to Northgate and Sargent under all four policies, and as to First Londonderry under three of the policies. The court found coverage for First Londonderry under "Coverage B" of the commercial umbrella excess policy (the policy). The policy was issued by CNA to Woodland, the plaintiff in the underlying action. Although Woodland is the named insured in the policy, the trial court found that First Londonderry also qualified as an insured under a "Limitation Endorsement" that provides:

> It is agreed that each individual co-owner of the insured condominium is an insured, but only with respect to his liability arising out of the ownership, maintenance or repair of that portion of the premises which is not reserved for his exclusive use or occupancy.

As First Londonderry retained ownership of three condominium units at the time of the lawsuit, the trial court ruled that it was an insured "to the extent that it maintained a percentage ownership of the common areas of the condominium complex."

CNA moved for reconsideration of the court's order, arguing that Coverage B of the policy contains an "owned property" exclusion that operates to exclude claims made by Woodland against First Londonderry. The exclusion provides in pertinent part:

Part III - What is Not Covered

A. This policy does not apply under Coverage B:

. . . .

    3. To property damage to property owned by any insured.

The parties do not dispute the issue of property damage. The sole issue on appeal is whether this exclusion applies to deny coverage to First Londonderry as an insured.

At the outset we reject First Londonderry's argument that the issue is not preserved for appeal because CNA only raised the exclusion in its motion to reconsider the trial court's order on summary judgment. Because the trial court was given the opportunity to correct the alleged error while the matter was still before it, the issue was preserved and is properly before this court. *See State v. Tselios*, 134 N.H. 405, 407, 593 A.2d 243, 245 (1991).

The interpretation of insurance policy language is ultimately a question of law for this court. *Raudonis v. Ins. Co. of North America*, 137 N.H. 57, 59, 623 A.2d 746, 747 (1993). We construe the policy language "as would a reasonable person in the position of the insured based on a more than casual reading of the policy as a whole." *Id.*

The policy at issue is one of commercial umbrella liability. "Normally, a liability policy does not cover damage to the insured's property or property within his control." *Skorka v. AMICA Mutual Ins. Co.*, 132 N.H. 208, 210, 563 A.2d 442, 443 (1989) (automobile liability policy) (quotation omitted). The CNA policy makes this plain: the so-called "owned property" exclusion in Coverage B states that the policy does not apply to damage "to property owned by any insured."

"Any" insured unambiguously means anyone covered by the policy. *Spezialetti v. Pacific Employees Ins. Co.*, 759 F.2d 1139, 1141-42 (3d Cir. 1985); *cf. Allstate Ins. Co. v. Stamp*, 134 N.H. 59, 62, 588 A.2d 363, 365 (1991) (insurer's use of indefinite "an" rather than "the" before "insured" is "clear reference to *any* insured"). First Londonderry's status as an insured under the Limitation Endorsement puts it within the universe of "any insured" contained in the exclusion for property damage.

First Londonderry argues that the owned property exclusion does not apply because the plaintiffs in the underlying lawsuit—the condominium unit owners—are not "insureds" under the Limitation Endorsement. According to First Londonderry, the Limitation

Endorsement insures only unit owners confronted with liability for damages, and as they are the plaintiffs in a lawsuit, they are not covered. As a result, First Londonderry contends, the underlying action does not involve one co-owner suing another, and the owned property exclusion is therefore inapplicable.

This argument rests on the faulty premise that the exclusion operates only to prevent one insured from recovering against another. The exclusion is not so limited. It plainly applies to property damage "to property owned by any insured." As the trial court found, First Londonderry's ownership of the condominium's common areas makes it an insured. Whether or not the individual unit owners are also insured is irrelevant to First Londonderry's status as an insured. As such, it comes within the exclusion. To rule otherwise would require us to read the exclusion out of the policy. When an exclusion purporting to limit a general grant of coverage is in terms that would effectively convey its meaning to a reasonable insured, it will ordinarily be given effect. *See Merchants Ins. Group v. Warchol*, 132 N.H. 23, 27, 560 A.2d 1162, 1164 (1989). The CNA policy's owned property exclusion meets this test and precludes coverage.

*Reversed.*

BRODERICK, J., did not sit; the others concurred.