Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/14/2021 08:11 AM CDT

- 460 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE FARM FIRE & CAS. CO. v. TFG ENTERS.
Cite as 308 Neb. 460

State Farm Fire & Casualty Company, appellee,
v. TFG Enterprises, LLC, and Jeffrey
Leonard, appellants, and Jeffrey
Barkhurst, appellee.

___ N.W.2d ___

Filed February 19, 2021.    No. S-20-271.

1. **Insurance: Contracts: Appeal and Error.** The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the trial court.
2. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence.
3. ____: ____. An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law.
4. **Insurance: Contracts: Liability: Words and Phrases.** An exclusion in an insurance policy is a limitation of liability, or a carving out of certain types of loss, to which the insurance coverage never applied.
5. **Insurance: Contracts.** When the terms of an insurance contract are clear, a court gives them their plain and ordinary meaning as a reasonable person in the insured's position would understand them.
6. **Insurance: Contracts: Appeal and Error.** When an insurance contract is ambiguous, an appellate court will construe the policy in favor of the insured.
7. **Insurance: Contracts: Words and Phrases.** Regarding words in an insurance policy, the language should be considered not in accordance with what the insurer intended the words to mean but according to

- 461 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
STATE FARM FIRE & CAS. CO. v. TFG ENTERS.
Cite as 308 Neb. 460

what a reasonable person in the position of the insured would have understood them to mean.

8. **Contracts: Words and Phrases.** A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings.

9. **Insurance: Contracts.** The language of an insurance policy should be read to avoid ambiguities, if possible, and the language should not be tortured to create them.

Appeal from the District Court for Douglas County: J. MICHAEL COFFEY, Judge. Affirmed.

William J. Hale, Thomas C. Dorwart, and Andrew W. Simpson, of Goosmann Law Firm, P.L.C., for appellants.

Patrick S. Cooper and Brian J. Fahey, of Fraser Stryker, P.C., L.L.O., for appellee State Farm Fire & Casualty Company.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

PAPIK, J.

TFG Enterprises, LLC (TFG), and its principal, Jeffrey Leonard, appeal from a district court order finding that State Farm Fire & Casualty Company (State Farm) had no obligation under an insurance policy to defend or indemnify them in a lawsuit. The lawsuit alleged that TFG concealed facts and made misrepresentations regarding the condition of a property it sold. Because we agree with the district court that State Farm had no potential liability under the policy, we affirm.

## BACKGROUND

*Underlying Lawsuit and*
*Request for Coverage.*

In March 2019, Jeffrey Barkhurst filed a lawsuit against TFG and Leonard in the district court for Douglas County (the underlying lawsuit). Barkhurst alleged that when he purchased a house from TFG in August 2015, TFG failed to disclose and actively concealed several defects, including the intrusion

- 462 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE FARM FIRE & CAS. CO. v. TFG ENTERS.
Cite as 308 Neb. 460

of water, the presence of mold, substandard repairs, and structural issues. Based on these allegations, Barkhurst asserted that TFG and Leonard were liable for breach of contract, negligent misrepresentation, and fraudulent concealment. Barkhurst claimed he was entitled to receive in damages the costs necessary to bring the property to its represented condition at the time of sale.

State Farm had previously issued TFG a "Rental Dwelling Policy of Insurance" (the rental policy) on January 6, 2015. TFG and Leonard submitted a claim under the rental policy requesting that State Farm provide a defense in the underlying lawsuit. State Farm agreed to defend TFG and Leonard under a reservation of rights.

*State Farm's Declaratory*
*Judgment Action.*

State Farm subsequently filed the declaratory judgment action at issue in this appeal. State Farm sought a declaration that it owed no coverage obligations to TFG or Leonard under several provisions of the rental policy.

State Farm alleged that it owed no coverage obligations under the portion of the rental policy initially extending liability coverage to TFG. That portion of the policy provided that State Farm would indemnify and defend TFG "[i]f a claim is made or a suit is brought against any insured for damages because of bodily injury, personal injury, or property damage to which this coverage applies, caused by an occurrence, and which arises from the ownership, maintenance, or use of the insured premises . . . ." (Emphasis omitted.) The rental policy defined "occurrence" as "an accident, including exposure to conditions" which results in "a. bodily injury; b. property damage; or c. personal injury[,] during the policy period." (Emphasis omitted.) State Farm alleged that it owed no coverage to TFG because there had been no "occurrence" and no "property damage."

State Farm also alleged that it owed no coverage obligations because of several exclusions in the rental policy. The

- 463 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE FARM FIRE & CAS. CO. v. TFG ENTERS.
Cite as 308 Neb. 460

exclusions relied upon by State Farm provided that there would be no liability coverage for "property damage to property owned by any insured"; "property damage to property rented to, occupied or used by or in the care of the insured"; or "property damage or personal injury to premises [the insured] sell[s], give[s] away, or abandon[s], if the property damage, or personal injury arises out of those premises." (Emphasis omitted.)

*Summary Judgment.*

State Farm filed a motion for summary judgment. At the hearing on the motion for summary judgment, State Farm offered and the district court received an affidavit signed by its counsel. Attached to the affidavit were a copy of the rental policy, a copy of the complaint in the underlying lawsuit, copies of letters State Farm sent to TFG and Leonard reserving its rights, and discovery responses of TFG and Leonard. In the discovery responses, TFG and Leonard admitted that they purchased the house at issue in January 2015 and that none of the conditions or defects identified in Barkhurst's lawsuit existed when it purchased the property. TFG and Leonard also admitted that from the time they purchased the house in January 2015 until the time they sold it in August 2015, they used the house and the house was in their care and possession. In response to an interrogatory asking them to describe in detail what they contended was the "occurrence" triggering coverage under the rental policy, TFG and Leonard objected that the question called for a legal conclusion. TFG and Leonard did not offer any evidence in opposition to State Farm's motion for summary judgment.

The district court granted State Farm summary judgment. It found State Farm owed no coverage obligations for three reasons. First, the district court found that any breaches of the contract between Barkhurst and TFG, and any fraudulent concealment or negligent misrepresentations by TFG, did not cause property damage as required to trigger coverage under the rental policy. Second, it determined that the allegations

- 464 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE FARM FIRE & CAS. CO. v. TFG ENTERS.
Cite as 308 Neb. 460

of breach of contract, fraudulent concealment, and negligent misrepresentation did not meet the definition of an "occurrence," because they were not accidental. It also determined that the exclusions relied upon by State Farm barred coverage.

TFG and Leonard now appeal.

## ASSIGNMENTS OF ERROR

TFG and Leonard assign three errors on appeal. They contend, restated, that the district court erred (1) by finding that there was no "occurrence" which triggered coverage, (2) by finding that any "occurrence" did not cause property damage for purposes of the rental policy, and (3) by finding that the exclusions barred coverage.

## STANDARD OF REVIEW

[1] The interpretation of an insurance policy is a question of law, in connection with which an appellate court has an obligation to reach its own conclusions independently of the determination made by the trial court. *Jones v. Shelter Mut. Ins. Cos.*, 274 Neb. 186, 738 N.W.2d 840 (2007).

[2] In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Id.*

[3] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *State Farm Fire & Cas. Co. v. Dantzler*, 289 Neb. 1, 852 N.W.2d 918 (2014).

## ANALYSIS

In support of their first two assignments of error, TFG and Leonard argue that the district court was mistaken to consider only the allegations of Barkhurst's lawsuit in determining

- 465 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE FARM FIRE & CAS. CO. v. TFG ENTERS.
Cite as 308 Neb. 460

whether there was an "occurrence" and whether such an occurrence caused property damage. They contend that because there is evidence that the defects to the house were not present when TFG purchased it, there is a genuine issue of material fact as to whether those defects were caused by some not yet identified accident that took place while TFG owned the property, which they suggest might be revealed in the adjudication of the underlying lawsuit. They assert the rental policy would provide coverage if such an accident could be identified and thus State Farm is obligated to provide TFG and Leonard with a defense.

We are skeptical that TFG and Leonard have created a genuine issue of material fact as to whether there was an "occurrence" under the rental policy and whether the underlying lawsuit is a suit for property damage, but it is unnecessary for us to reach those questions. As we will explain, even if it is assumed that the defects in the house were caused by an accident that took place while TFG owned the property and that the underlying lawsuit is a suit brought for property damage and thus falls within the initial grant of coverage in the rental policy, the exclusions relied upon by State Farm would still bar coverage.

[4,5] An exclusion in an insurance policy is a limitation of liability, or a carving out of certain types of loss, to which the insurance coverage never applied. See, e.g., *D & S Realty v. Markel Ins. Co.*, 280 Neb. 567, 789 N.W.2d 1 (2010). To determine whether an exclusion applies, the terms of the insurance policy must be interpreted. See, e.g., *Cincinnati Ins. Co. v. Becker Warehouse, Inc.*, 262 Neb. 746, 635 N.W.2d 112 (2001). A court construes insurance contracts like other contracts, according to the meaning of the terms that the parties have used. *Merrick v. Fischer, Rounds & Assocs.*, 305 Neb. 230, 939 N.W.2d 795 (2020). When the terms of an insurance contract are clear, a court gives them their plain and ordinary meaning as a reasonable person in the insured's position would understand them. *Id.*

- 466 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE FARM FIRE & CAS. CO. v. TFG ENTERS.
Cite as 308 Neb. 460

We read the exclusions in the rental policy to exclude coverage for the damages claimed in the underlying lawsuit. As we have noted, the exclusions section of the rental policy provided that the liability coverage did not apply to "property damage to property owned by any insured"; "property damage to property rented to, occupied or used by or in the care of the insured"; and "property damage or personal injury to premises [the insured] sell[s], give[s] away, or abandon[s], if the property damage, or personal injury arises out of those premises." (Emphasis omitted.) To the extent that, as TFG and Leonard contend, the underlying lawsuit was one for property damage to the house, it falls squarely within each of these exclusions. It is undisputed that the house was owned, in the care of, and then sold by TFG.

We are not blazing a new trail by finding that there is no possibility of coverage under the exclusions in the rental policy. Many other courts have found that similar insurance policies containing exclusions for property damage to property owned by or occupied by the insured provide no liability coverage when the insured is sued for making misrepresentations in the sale of property. See, e.g., *Allstate Ins. Co. v. Chaney*, 804 F. Supp. 1219 (N.D. Cal. 1992); *State Farm Fire and Cas. Co. v. Neumann*, 698 F. Supp. 195 (N.D. Cal. 1988); *Shelter Mut. Ins. Co. v. Ballew*, 203 S.W.3d 789 (Mo. App. 2006); *1st Londonderry Dev. Corp. v. CNA Ins.*, 140 N.H. 592, 669 A.2d 232 (1995). Similarly, many courts have found that insurance policies containing exclusions for property damage to property that is sold by the insured provide no liability coverage for lawsuits alleging misrepresentations in the sale of property. See, e.g., *State Farm Fire and Cas. Co. v. Wimberly*, 877 F. Supp. 2d 993 (D. Haw. 2012); *Stull v. American States Ins. Co.*, 963 F. Supp. 492 (D. Md. 1997); *Borden, Inc. v. Affiliated FM Ins. Co.*, 682 F. Supp. 927 (S.D. Ohio 1987).

[6,7] The only argument TFG and Leonard can muster in opposition to the district court's conclusion that the exclusions barred coverage is that the exclusions are ambiguous. In

- 467 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
STATE FARM FIRE & CAS. CO. v. TFG ENTERS.
Cite as 308 Neb. 460

support of this argument, TFG and Leonard correctly observe that when an insurance contract is ambiguous, we will construe the policy in favor of the insured. See *Henn v. American Family Mut. Ins. Co.*, 295 Neb. 859, 894 N.W.2d 179 (2017). They also correctly point out that words in an insurance policy are to be interpreted not in accordance with the insurer's intent, but what a reasonable person in the position of the insured would have understood them to mean. See *id.* But even with these principles in mind, we discern no ambiguity.

[8,9] A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *American Fam. Mut. Ins. Co. v. Wheeler*, 287 Neb. 250, 842 N.W.2d 100 (2014). Further, the language of an insurance policy should be read to avoid ambiguities, if possible, and the language should not be tortured to create them. *Cincinnati Ins. Co. v. Becker Warehouse, Inc.*, 262 Neb. 746, 635 N.W.2d 112 (2001). TFG and Leonard offer no reasonable alternative interpretation of the exclusions, and there is thus no basis for a finding that the exclusions are ambiguous.

Given the plain language of the exclusions, State Farm had no potential liability from the underlying lawsuit under the rental policy. It thus had no duty to defend or indemnify TFG and Leonard. See *Merrick v. Fischer, Rounds & Assocs.*, 305 Neb. 230, 939 N.W.2d 795 (2020). The district court did not err in granting summary judgment to State Farm.

## CONCLUSION

Because the district court did not err in finding that State Farm owed no coverage obligations to TFG and Leonard, we affirm.

Affirmed.