71791. WILMINGTON ISLAND CONSTRUCTION COMPANY,
INC. v. CINCINNATI INSURANCE COMPANY.

(347 SE2d 308)

BEASLEY, Judge.

In this declaratory judgment action, petitioner Cincinnati Insurance Company denies a duty to defend the insured contractor against a suit by homeowners Mr. and Mrs. Lewis for damages resulting from a faulty sewer system. The home had been constructed by insured and sold to the Lewises. A septic tank was installed prior to purchase. The homeowners' action alleges that due to "negligent planning, construction, and/or implementation of on lot wastewater disposal systems, Plaintiffs have incurred losses to their home, and surrounding property as well as direct losses of shrubbery and trees, [t]hat Plaintiffs' use and enjoyment of their property has been diminished due to unhealthy and unsafe habitation . . . [and] Plaintiffs' families have suffered public embarrassment as well as private discomfort and annoyances." In addition to actual damages, they sought exemplary damages and attorney fees.

Insurer moved for summary judgment which the trial court granted, reasoning that the comprehensive general liability insurance policy at issue on insured's premises excluded coverage of premises alienated by an insured, and the insured had sold and thus alienated the insured premises.

The insurance contract provides that insurer has a "duty to defend any suit against the insured seeking damages on account of such bodily injury or property damages [i.e., caused by an occurrence], even if any of the allegations of the suit are groundless, false or fraudulent . . ." The exclusion relied upon by the trial court in granting summary judgment provides: "This insurance does not apply: . . . (1) to property damages to premises alienated by the named Insured arising out of such premises or any part thereof."

1. Insured asserts the above exclusion is not relevant to the damages at issue in that the damages did not arise out of the alienated premises or any part thereof. Rather, it argues, the damages resulted from the installation of an additional drain field one month *after* alienation of the premises, and such damages were to grass, trees, and shrubs not part of the premises at the time of alienation, as they were

added by the Lewises at a later date.

"That ascertainment of the parties' intention is the cardinal rule of construction (Cit.), is a rule of logic and reason. This is true because the sole purpose of a contract is to give expression to that concerning which the minds of the parties have met." *Trust Co. of Ga. v. S. & W. Cafeteria*, 97 Ga. App. 268, 282 (103 SE2d 63) (1958).

" 'Insurance is a contract and we will apply contract law principles to issues involving insurance.' [Cit.] . . . An unambiguous contract will be construed to carry out the literal intent of the parties.' [Cit.]" *Dixon v. Midland Ins. Co.*, 168 Ga. App. 319, 322 (3) (309 SE2d 147) (1983).

The insurance contract at issue provided coverage to insured up until the time the insured alienated the "premises." Exclusion (1) so specifies. " 'While the term "premises" has varying meanings, which usually must be determined by the context but, yet, when used in a lease of realty without qualifying words, it has been held by the weight of authority to mean land and buildings, lands and tenements, land and its appurtenances, etc.' [Cit.]" *Lunsford v. State Nat. Securities*, 124 Ga. App. 804, 805 (186 SE2d 320) (1971). Black's Law Dictionary defines "premises" in the context of estates as "Lands and tenements; an estate; land and buildings thereon; the subject-matter of a conveyance." The insurance contract at issue reveals that it was the intent of the parties to provide insurance coverage to insured on the land and the home, hence "premises," until alienation.

The record reflects that the Lewises incurred the property damages after insured alienated the premises, that is, after it sold the land and home to them. Although it is disputed whether the damages resulted from the initial installation of the sewer system, as the Lewises contend, or whether they resulted from the installation of an additional drain after alienation, as insured argues on appeal, this is of no import to this declaratory judgment action, nor is the fact that the grass, trees and shrubs were added after the sale of the house to the Lewises. Because insured had already alienated the premises by the time damages were incurred, the insurance policy afforded no coverage for defending the action for damages asserted by the Lewises.

2. Insured's assertion that the Lewises had a claim for personal injury, i.e., bodily injury, which would not be excluded from insurance coverage under Exclusion (1), is equally meritless.

The policy imposed a duty to defend all actions against insured for "bodily injury" as well as property damages. "Bodily injury" as defined by the policy, means "bodily injury, sickness or disease sustained by any person which occurs during the policy period, including death at any time resulting therefrom." The Lewises plead no such injury. Their assertions that "use and enjoyment of their property has been diminished due to the unhealthy and unsafe habitation" and

that "their families have suffered public embarrassment as well as private discomfort and annoyances" fall short. In fact, the record is replete with uncontradicted evidence that no bodily injury was incurred. In deposition, when asked if he had claimed any medical problem or if he was claiming any personal injury, Mr. Lewis responded in the negative. And, when asked about physical injuries to his body, specifically, "in other words, you haven't had a broken neck or a broken leg or that sort of thing?," he responded, "I've had a broken — none of that physically, but mentally I have been broken very badly."

"While it is true that 'the allegations of the complaint are looked to to determine whether a liability covered by the policy *is asserted*' (Cit.), ' " 'a distinction must be drawn between groundless suits and actions which, even if successful would not be within the policy coverage.' " ' [Cit.]" *Dixon*, supra at 323. As the Lewises action presents no controversy that could be construed to come within the coverage of the policy, the trial court properly granted insurer's motion for summary judgment.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JUNE 24, 1986.

*Delano Maurice*, for appellant.
*Robert Jones; Van Reynolds*, for appellee.