## 76516. ELROD'S CUSTOM DRAPERY WORKSHOP, INC.
## v. CINCINNATI INSURANCE COMPANY.
### (371 SE2d 144)

SOGNIER, Judge.

Trowbridge Interiors, Inc. (Trowbridge) brought suit against Elrod's Custom Drapery Workshop, Inc. (Elrod's), seeking damages resulting from the rejection by Trowbridge's customers of certain draperies laminated and finished by Elrod's from fabric furnished by Trowbridge, which draperies Trowbridge alleged were defectively constructed by Elrod's. Elrod's filed a third-party complaint against its insurer, the Cincinnati Insurance Company, alleging coverage under a comprehensive general liability (CGL) policy. The insurer denied liability because of certain exclusions in the policy, and both it and Elrod's moved for summary judgment. The trial court granted the insurer's motion for summary judgment and denied that of Elrod's, and Elrod's appeals.

Appellant contends the trial court erred by granting summary judgment to appellee because the exclusions in its CGL policy were ambiguous, thereby creating a question of fact as to whether some, or all, of the claims made upon appellant by Trowbridge were covered. We find this contention, and this case, controlled by this court's decision in *Gary L. Shaw Bldrs. v. State Auto. Mut. Ins. Co.*, 182 Ga. App. 220 (355 SE2d 130) (1987), and consequently, we affirm the trial court's decision.

The policy involved in this case is a standard comprehensive general liability policy used extensively throughout the country. In *Gary L. Shaw*, this court adopted the view of the majority of courts that the " 'purpose of this comprehensive liability insurance coverage is to provide protection for personal injury or for property damage caused by the completed product, but not for the replacement and repair of that product.' [Cit.]" Id. at 223. Appellant argues that despite the fact that the claim here is for losses resulting from defective workmanship, *Gary L. Shaw* is distinguishable from the case sub judice because, unlike those in *Gary L. Shaw*, the exclusions here are ambiguous. However, comparison of the language of the exclusions in the policy sub judice with the language quoted by the court in *Gary L. Shaw* leaves no doubt that the clauses are identical.

Accordingly, we hold that here, as in *Gary L. Shaw*, supra, the exclusions in the policy "clearly and unambiguously exclude coverage for property damage resulting from the insured's negligently constructed work product. [Cit.]" Id. at 222 (1). Although appellant claims that it was the understanding of appellant that it would be covered for damages such as those sought here, "[w]here an insurance policy is unambiguous, parol evidence as to what was said by parties at the time application for the policy was taken is inadmissible to

vary or alter the terms of the policy. [Cit.]" Id. Because all the damages sought in this action, including damage to Trowbridge's reputation and any lost profits, arise exclusively from faulty workmanship and not from some insurable event as defined in the policy, we find that appellee properly denied coverage, and the trial court properly granted appellee's motion for summary judgment.

*Judgment affirmed. Carley, J., concurs. Deen, P. J., concurs in the judgment only.*

DECIDED JUNE 27, 1988.

*Lewis M. Groover, Jr.*, for appellant.
*C. Wade McGuffey, Jr., Denise L. Dunham, Frederick W. Ajax, Jr.*, for appellee.