RELIANCE INSURANCE
COMPANY, Plaintiff,

v.

POVIA–BALLANTINE CORPORATION, Murial L. Bono, David Watts, Darlene Watts, Mary Lou Paulson, and Patty W. DeArmond, Defendants.

Civ. A. No. 489–142.

United States District Court,
S.D. Georgia,
Brunswick Division.

May 30, 1990.

---

F.C. Schenck, John D. Jones, Atlanta, Ga., for plaintiff.

Thomas A. Withers, Julian H. Toporek, Savannah, Ga., for defendants.

## ORDER

ALAIMO, District Judge.

Reliance Insurance Company (hereinafter "Reliance" or "the insurer") brings this declaratory judgment action seeking to establish that it has no duty to defend or indemnify defendant, Povia–Ballantine Corporation, in suits brought against it by the above-named codefendants. The case is currently before the Court on the insurer's motion for summary judgment. For reasons expressed below, this motion will be granted in part.

## FACTS

Povia–Ballantine Corporation (hereinafter "the insured" or "Povia–Ballantine") is engaged in the construction and sale of condominiums. At all times herein relevant, Povia–Ballantine was insured by Reliance under a "Comprehensive General Liability Policy." This policy provides that "[the insurer] will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ... personal injury or property damage to which this insurance applies, caused by an occurrence...." The term "occurrence" is defined by the policy as "an accident, including continuous or repeated·exposure to conditions."

The policy also contains a number of exclusions set out in numbered paragraphs. Relevant for present purposes are paragraphs 14 and 16. Paragraph 14 provides that the insurer has no duty to defend or indemnify the insured against liability for "property damage to premises alienated by the named insured arising out of such premises or any part thereof." Paragraph 16 excludes liability coverage for "property damage to the named insured's products arising out of such products or any part of such products."

Murial Bono, Patty DeArmond and Mary Lou Paulson each purchased condominiums from Povia–Ballantine. These purchasers subsequently brought lawsuits against Povia–Ballantine, claiming that it had built their condominiums in an unworkmanlike manner. In substance, the complaints allege that the builder's substandard construction techniques caused the units to collect moisture and promote the growth of mildew and fungus. Bono and Paulson seek to recover for property damage only, while DeArmond alleges personal injury as well. Their claims sound in negligence, fraud and breach of warranty.

Unlike Bono, DeArmond and Paulson, David Watts did not purchase a condominium from Povia–Ballantine; rather, he lived as a tenant in Bono's condominium. Watts brought suit against Bono to recover the value of certain personal property belonging to him, which, he alleges, was damaged

by the moisture and fungus present in the condominium during his tenancy. Bono then joined Povia–Ballantine as a third-party defendant in that action.

When Povia–Ballantine demanded that Reliance defend and indemnify it in connection with each of the above actions, the insurer denied coverage and instituted this declaratory judgment action.

DISCUSSION

In its motion for summary judgment, Reliance argues that it has no duty to defend or indemnify Povia–Ballantine in connection with the *Bono, Paulson* and *Watts* lawsuits. The insurer concedes that it must provide a defense in the *DeArmond* action, but denies that it has any duty to indemnify Povia–Ballantine in the event that the insured is found liable in that case. Since the *DeArmond* and *Watts* actions raise unique coverage questions not present in *Bono* and *Paulson*, the Court will consider the former separately.

*Bono and Paulson*

■ Reliance argues that the *Bono* and *Paulson* suits are excluded from liability coverage by paragraphs 14 and 16 of the policy, quoted above. In brief, these paragraphs provide, respectively, that the insurer has no duty to defend or indemnify the insured against liability for "property damage to premises alienated by the named insured arising out of such premises" and "property damage to the named insured's products arising out of such products."

Povia–Ballantine argues that paragraph 14 is inapplicable here, since the alleged acts of negligent construction occurred *before* it alienated the condominiums. Nor is coverage excluded by paragraph 16, the insured claims, since the plaintiffs in *Bono* and *Paulson* do not seek to recover for "damage to" the condominiums. Because the *Bono* and *Paulson* complaints pray for damages occasioned by the alleged uninhabitability and consequent loss of use of the condominiums, the insured argues that any recovery in those cases would be for damage *caused by*—not for damage *to*—the units. The exclusionary clauses at issue here are boilerplate language in most modern commercial liability insurance policies

and have been the subject of considerable litigation in the courts of this state. *See, e.g., Elrod's Custom Drapery Workshop, Inc. v. Cincinnati Ins. Co.*, 187 Ga.App. 670, 371 S.E.2d 144 (1988); *Gary L. Shaw Builders, Inc. v. State Automobile Mutual Ins. Co.*, 182 Ga.App. 220, 355 S.E.2d 130 (1987); *Wilmington Island Construction Co., Inc. v. Cincinnati Ins. Co.*, 179 Ga.App. 477, 347 S.E.2d 308 (1986). In each of the above-cited decisions, the Georgia Court of Appeals has soundly rejected arguments identical to those raised by the insured in the instant case.

The court's decision in *Wilmington Island, supra,* is particularly illustrative. The facts of that case are, in all important respects, identical to the case *sub judice.* The purchaser of a home had sued the contractor, claiming that the home was built in a negligent and unworkmanlike manner. *Id.* at 477, 347 S.E.2d 308. The contractor was insured under a general liability policy which, like the one *sub judice,* contained a clause excluding from coverage "property damage to premises alienated by the named insured arising out of such premises." *Id.* The insurer denied coverage and instituted a declaratory judgment action. The trial court granted summary judgment for the insurer. The court of appeals affirmed, finding as a matter of law that no coverage was due under the clear and unambiguous terms of the above-quoted exclusionary clause. *Id.* In so holding, the court rejected the argument raised by the insured in this case, that the exclusion is inapplicable where the contractor's allegedly negligent acts occurred prior to its alienation of the premises. The court's opinion makes clear that the exclusionary clause applies so long as the plaintiff's alleged damages are *incurred* after the sale. The date of the contractor's allegedly negligent act is entirely irrelevant:

> The record reflects that [the purchasers] incurred the property damages after insured alienated the premises, that is, after it sold the land and home to them. Although it is disputed whether the [allegedly negligent act occurred prior to or after the sale], this is of no import to this

declaratory judgment action.... Because insured had already alienated the premises by the time damages were incurred, the insurance policy afforded no coverage for defending the action for damages asserted by [the purchasers]. *Id.* at 478, 347 S.E.2d 308. *See also Gary L. Shaw Builders, supra,* 182 Ga.App. at 225, 355 S.E.2d 130 (quoting the above language from *Wilmington Island* and reaching the same holding under virtually identical facts). In the cases *sub judice,* Bono and Paulson allege that their condominiums are uninhabitable due to faulty construction by the insured. Since the alleged damages necessarily were incurred by Bono and Paulson *after* their respective purchases of the condominiums, their lawsuits are excluded from coverage by paragraph 14 of the subject policy. As the holdings in *Wilmington Island* and *Gary L. Shaw Builders* make clear, it is irrelevant that the contractor's allegedly negligent acts occurred prior to the date of the sale.

Povia–Ballantine's position with respect to paragraph 16 of the policy is similarly flawed. It argues that Bono and Paulson seek to recover for damage *caused by*—rather than damage *to*—the condominiums and that the exclusion in paragraph 16 is therefore inapplicable. As the insured correctly notes, the purpose of paragraph 16 is to make clear that the liability policy " 'provide[s] protection for personal injury or for property damage caused by the completed product, but not for the replacement and repair of that product.' " *Gary L. Shaw Builders, supra,* at 223, 355 S.E.2d 130 (quoting *LaMarche v. Shelby Mutual Ins. Co.,* 390 So.2d 325, 326 (Sup.Ct.Fla.1980) ).

The court in *Gary L. Shaw Builders* provided the following example of the distinction between damage to and damage caused by a product. If an insured contractor applies stucco to a building's exterior wall in a faulty manner and the stucco peels away, the contractor's liability insurer will have no obligation to defend or indemnify the contractor in a suit brought by the homeowner to recover the cost of repairing or replacing the stucco. By contrast, the contractor *would* be insured against liability to a passerby who claims that he suffered personal injury due to the falling stucco. *Id.* 182 Ga.App. at 224–25, 355 S.E.2d 130.

The *Bono* and *Paulson* plaintiffs certainly are not in the position of the passerby injured by falling stucco. A simple examination of the complaints filed by Bono and Paulson makes clear that *all* of their claimed damages relate directly to the cost of repairing or replacing the allegedly defective condominiums they purchased from the insured. By far the largest element of plaintiffs' claimed damages is their prayer for return of the purchase price they paid for the condominiums. All other damages they seek—such as, interest on their purchase-money loans, the cost of improvements they made to the condominiums, and taxes and homeowners' association fees paid by them to date—are merely incidental to their claim that the condominiums were improperly constructed and that the contracts of sale should be rescinded. In short, it is clear that all of the plaintiffs' claims are premised on damage *to*—rather than damage caused by—the condominiums. For this reason, their claims are excluded from coverage by paragraph 16 of the policy.

The decision of the Georgia Court of Appeals in *Elrod's, supra,* speaks directly to this issue. The insured in that case, Elrod's Custom Drapery Workshop, manufactured and sold drapery materials on the wholesale market. Trowbridge Interiors, a retailer, purchased certain draperies from the insured for the purpose of reselling them on the retail market. Trowbridge subsequently brought suit against the insured claiming that the draperies were defective and that its customers had refused to accept delivery of them. It sought damages for, *inter alia,* lost profits and injury to its business reputation. *Id.* 187 Ga.App. at 670–71, 371 S.E.2d 144. Elrod's demanded that its liability insurer defend and indemnify it in connection with the Trowbridge suit. As in the instant case, the liability policy excluded from coverage "property damage to the named insured's products arising out of such products."

The insurer denied coverage on the basis of this exclusion and instituted a declaratory judgment action. Elrod's argued that the exclusion did not apply, since Trowbridge sought to recover for damage *caused by*, rather than for damage *to*, the draperies. The trial court rejected this argument and granted summary judgment for the insurer. The court of appeals affirmed, holding that there was no coverage as a matter of law:

> [T]he exclusions in the policy "clearly and unambiguously exclude coverage for property damage resulting from the insured's negligently constructed work product." ... Because all the damages sought in this action, including damage to Trowbridge's reputation and any lost profits, arise exclusively from faulty workmanship ... we find that appellee properly denied coverage, and the trial court properly granted appellee's motion for summary judgment.

*Id.* at 670–71, 371 S.E.2d 144 (quoting *Gary L. Shaw Builders, supra,* 182 Ga.App. at 222, 355 S.E.2d 130). It is equally clear in this case that all of the damages sought by Bono and Paulson arise exclusively from the insured's alleged faulty workmanship. The *Bono* and *Paulson* suits are, therefore, excluded from coverage by paragraphs 14 and 16 of the policy.[1]

*Watts*

██ Unlike Bono and Paulson, Watts did not purchase a condominium from the insured; he lived as a tenant in Bono's unit. In his suit, Watts seeks to recover the value of certain personal property belonging to him which, he claims, was damaged by the moisture and fungus present in the condominium during his tenancy. Since he did not own the condominium in which he was living, Watts does not attempt to recover for damage to the building itself. By their very terms, paragraphs 14 and 16 of the policy exclude from coverage only those suits that seek recovery for "damage to" the condominiums constructed by the insured. Since Watts clearly does not seek to recover for damage to the condominium,

the exclusions do not apply and the insurer is bound to defend and indemnify the insured in connection with that case.

*DeArmond*

██ The complaints in the *Bono, Paulson* and *Watts* cases allege property damage only. The plaintiff in *DeArmond,* however, claims to have suffered personal injury in addition to property damage. The insurer concedes that this allegation of personal injury brings the *DeArmond* case within the "Excess Umbrella Coverage" provision of the policy, but asserts that its sole obligation under that provision is to defend—not to indemnify—the insured. In its multiple briefs, however, the insurer fails to cite any language from the policy in support of its assertion that umbrella coverage is limited to defense and does not include indemnity. Indeed, paragraphs I and II of the umbrella provision are replete with references to the insurer's duty of indemnification. For example, paragraph I(a) provides that "[t]he company hereby agrees, subject to the limitations, terms and conditions hereinafter mentioned, to pay on behalf of the insured all sums which the insured shall be obligated to pay by reason of the liability imposed upon the insured by law...." Paragraph II(a) provides that the insurer will "defend any suit against the insured seeking damages on account of personal injury ...; but the company shall not be obligated to defend any suit after the applicable limit of the [policy] has been exhausted by payment of judgments or settlements." Similarly, paragraph II(b) recognizes that the insurer will "pa[y] or tender[ ] or deposit[ ] in court that part of the judgment which does not exceed the [policy limit]." These terms clearly indicate that the insurer is required both to defend *and* to indemnify the insured against liability in any lawsuit that is covered by the umbrella provision.

The insurer's position with respect to the *DeArmond* case is enigmatic. While conceding that *DeArmond* falls within the umbrella coverage of the policy, the insurer

---

1. The insurer argues also that there has been no "occurrence" as defined by the policy. The Court need not consider this issue, in light of its interpretation of the exclusionary clauses.

nevertheless asserts that, for some unstated reason, it is required only to defend and not to indemnify the insured in connection with that case. It cites no policy provisions or case law in support of its bare assertion. Indeed, the above-quoted policy language leads the reader inescapably to a single conclusion: the insurer is required both to defend and to indemnify the insured against any action that falls within the umbrella provision. Since Reliance concedes that the *DeArmond* case is within the umbrella coverage of the policy, there is no basis for its denial of indemnity in that action.

CONCLUSION

In accordance with the foregoing, the Court hereby DECLARES that the contractual rights and obligations of the parties are as follows:

The plaintiffs in *Bono* and *Paulson* seek to recover for property damage to their condominiums arising out of the insured's alleged unworkmanlike construction of the units. Such claims are excluded from liability coverage by the clear language of paragraphs 14 and 16 of the subject policy, and the insurer has no duty to defend or indemnify the insured in connection with those suits. The plaintiff in *Watts*, however, seeks to recover only the value of certain personal property allegedly damaged by the ambient moisture in the condominium. Since Watts does not pray to recover for damage to the condominium itself, that suit is not excluded from coverage by paragraphs 14 and 16 of the policy, and the insurer must defend and indemnify the insured against liability in that action. The insurer concedes that the *DeArmond* case falls within the umbrella coverage of the subject policy. Therefore, it must defend and indemnify the insured in connection with that action.

The Clerk of the Court is directed to enter an appropriate judgment.

SO ORDERED.