James A. STULL, et al., Plaintiffs,

v.

AMERICAN STATES INSURANCE CO., Defendant.

Civil No. K–96–3604.

United States District Court, D. Maryland.

March 31, 1997.

Herbert D. Morrison, Frederick, MD, for plaintiffs.

Scott D. Goetsch, Towson, MD, for defendant.

### MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Senior District Judge.

1) Plaintiffs James and Betty Stull (the "Stulls") filed a Complaint for Declaratory Judgment in the Circuit Court for Frederick County, Maryland seeking to require the defendant, American States Insurance Co., ("American States") to defend the Stulls in a pending state court lawsuit (*Gresham v. Stull,* Circuit Court for Frederick County # 95–1675) arising out of the sale of a country store property including gas pumps and a grocery store to the Greshams. In their lawsuit ("the Gresham litigation") the Greshams allege, *inter alia,* that Mr. Stull made negligent misrepresentations regarding water quality prior to the sale. Shortly after the settlement connected with that sale, the Greshams discovered that there were problems with the water allegedly due to underground gasoline contamination which occurred prior to the sale of the business and property. That case is scheduled for trial in the Circuit Court for Frederick County in June 1997.

American States filed a Notice of Removal in this Court on November 15, 1996. Subsequently, the Stulls filed a Motion for Partial Summary Judgment and American States filed a Cross–Motion for Summary Judgment. American States argues that it is not required to provide a defense to the Gresham litigation nor is it required to reimburse the Stulls for costs and attorney's fees. For the reasons set forth below, this Court will grant defendant's Motion for Summary Judgment.

2) Under Maryland law, an insurer is obliged to defend an insured "if plaintiffs in a tort suit allege a claim against an insured that is potentially covered by the insurance policy." *Sheets v. Brethren Mutual Ins. Co.,* 342 Md. 634, 639, 679 A.2d 540 (1996) (citing *Brohawn v. Transamerica Ins., Co.,* 276 Md. 396, 407–08, 347 A.2d 842 (1975)). In *Sheets,* the court concluded that the insurance company owed the insureds a duty to defend an underlying tort suit arising from an alleged misrepresentation by the seller/insured regarding the working condition of a septic system which backed up and overflowed after the buyers moved in.

The insurance policy at issue in the within case was a commercial property and general liability policy issued by American States on February 21, 1992 to tile Stulls for the period December 29, 1991 to December 29, 1992. Relying on the policy language, American States offers three reasons why it does not have to defend the Stulls in the Gresham litigation. First, because tile insured property was sold, claims for damages to that property are excluded by the so-called "premises alienated" clause. Second, if that clause does not apply, there is still no coverage because the policy requires an "occurrence" which American States argues there was not. Finally, even if there was an "occurrence," the policy specifically excludes coverage if an "occurrence" was the result of a dissemination or leakage of pollutants, such as gasoline.

3) In this Court's view, the "premises alienated" clause excludes coverage for the claim in this litigation in view of the fact that the "[p]remises" sold by the Stulls to the Greshams fall within the specific wording regarding such premises set forth in the insurance policy:

SECTION I—COVERAGES

Coverage A. Bodily Injury and Property Damage Liability

> 2. Exclusions: This insurance does not apply to . . .
>
> (j) "Property damage" to.
>
> (2) Premises you sell, give away, or abandon, if the "property damage" arises out of any part of those premises. (Ex. B at 33.)

This "premises alienated" clause operates to exclude coverage for claims arising from property sold by the insured regardless of when the alleged wrongful act occurred. *See Reliance Insurance Co. v. Povia–Ballantine Corp.*, 738 F.Supp. 523, 525 (S.D.Ga.1990) ("the exclusionary clause applies so long as the plaintiff's alleged *damages* are incurred after the sale. The date of the . . . allegedly negligent act is entirely irrelevant."). The discussion and holding in *Reliance Insurance,* and the citations of authority in support of the same by Judge Alaimo are hereby fully adopted by this Court. While this Court notes that there is no clear holding as far as this Court knows, or as far as counsel have indicated to this Court, of any Maryland case law with regard to the interpretation of a "premises alienated" clause, it is the duty of this Court to apply, in a case such as this one, what it believes would be the view and holding of Maryland's highest court. In that regard, this Court concludes that Maryland law would adopt the view and holding in *Reliance Insurance,* which as applied to the case herein would bar coverage on this basis.

4) American States next contends that there was no "occurrence" within the meaning of the policy.[1] In contrast, the Stulls claim that there was an "occurrence," and that it was the negligent misrepresentation allegedly made by Mr. Stull. In light of the above, this Court does not need to resolve this dispute in order to decide the summary judgment motion.

■ 5) Furthermore, even assuming that there was an occurrence covered by the policy, the defendant's third argument, that con-

tamination by pollutants is excluded from coverage, would likewise appear to bar coverage.

SECTION I—COVERAGES

Coverage A. Bodily Injury and Property Damage Liability

> 2. Exclusions: This insurance does not apply to.
>
> (f) (1) 'bodily injury' or 'property damage' arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants (a) at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. (Ex. B at 31–32).

'Pollutants' are defined as: "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, soot, fumes, acids, alkalis, chemicals and waste." (Ex. B at 22.) As the claims made by the Greshams concern the alleged contamination of well water by gasoline on property owned by the Stulls, the exclusion language speaks for itself and is applicable herein against the Stulls.

6) Because American States prevails on at least one of its arguments to deny coverage, this Court cannot conclude that the Stulls meet the *Brohawn* standard of being "potentially covered." Accordingly, a separate Judgment Order is today being filed in this case, granting summary judgment to American States.

7) Copies of that said Order and of the within Memorandum and Order are today being sent to counsel of record. The Clerk is directed to close the file in this case.

---

1. The insurance agreement covered "those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage.'" (Ex. B at 31.) However, the policy provides that "[t]his insurance applies to 'bod-

ily injury' or 'property damage' only if: (1) the 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory.'" (*Id.*).